JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 26-4401 PA (Ex) | Date | April 30, 2026 |
|---|---|---|---|
| Title | Gavriel Stark v. American Airlines, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by defendant American Airlines, Inc. ("Defendant"). Defendant alleges that this Court possesses federal question jurisdiction over the action filed by plaintiff Gavriel Stark ("Plaintiff"), who is appearing pro se. Plaintiff's Complaint, which was filed in Los Angeles County Superior Court, alleges claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Defendant's Notice of Removal alleges that the Court possesses federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331. Specifically, Defendant asserts that Plaintiff's claims are expressly preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense . . . ." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 26-4401 PA (Ex) | Date | April 30, 2026 |
|---|---|---|---|
| Title | Gavriel Stark v. American Airlines, Inc. | | |

federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Defendant's contention that the Airline Deregulation Act "expressly preempts" Plaintiff's state law claims does not support Defendant's removal or the Court's exercise of subject matter jurisdiction over this action.  "[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complain, and even if both parties concede that the federal defense is the only question truly at issue.'"  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983)). Although the jurisdictional doctrine of "complete preemption" serves as an exception to the well-pleaded complaint rule, it "arises only in 'extraordinary' situations" and the Supreme Court has "identified only three federal statutes that satisfy" its complete preemption test.  Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861-62 (9th Cir. 2003) (explaining that the Supreme Court has only applied complete preemption in actions involving section 502 of the Employee Retirement Income Security Act, section 301 of the Labor Management Relations Act, and the usury provisions of the National Bank Act).  Neither the Supreme Court nor the Ninth Circuit has ever concluded that the Airline Deregulation Act's preemption provisions "completely preempt" state claims for purposes of supporting removal based on the existence of a federal question.  Indeed, the Ninth Circuit has concluded that the Airline Deregulation Act does not create federal question jurisdiction through "complete preemption."  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1184 (9th Cir. 2002) ("Therefore, the [Airline Deregulation Act] does not provide a basis for federal question jurisdiction under the complete preemption doctrine.") (reversing the district court's order dismissing the action and instructing the district court to remand the action).

For all of the foregoing reasons, the Court concludes that Defendant has failed to satisfactorily invoke this Court's federal question jurisdiction.  Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 26STCV04443.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.